# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MARCUS DURELL HOOKS,      )
                       )
         Petitioner,      )
                       )
v.                          )      **Case No. CIV 11-249-FHS-KEW**
                       )
**JUSTIN JONES, DOC Director**,      )
                       )
         Respondent.      )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, attacks his conviction and sentence in McIntosh County District Court Case Number CF-06-197 for Trafficking in Controlled Substances (MDMA or "Ecstasy"), After Conviction of Two Felonies (Count 1); Possession of an Offensive Weapon in the Commission of a Felony, After Conviction of Two Felonies (Count 2); and Eluding a Police Officer (Count 3).

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

10/22/2009    Petitioner's conviction was affirmed, but remanded for correction of the Judgment and Sentence *nunc pro tunc*. *Hooks v. State*, No. F-2008-1014 (Okla. Crim. App. Oct. 22, 2009).

10/28/2009    Petitioner's Amended Judgment and Sentence was entered.

01/20/2010    Petitioner's conviction became final upon expiration of the

ninety-day period for a certiorari appeal to the United States Supreme Court.

10/25/2010    Petitioner filed an application for post-conviction relief in the McIntosh County District Court. The state district court denied the application on the same day it was filed.

11/03/2010    Petitioner filed a timely Notice of Appeal of the denial of post-conviction relief.

11/24/2010    Petitioner's deadline to appeal the district court's denial of post-conviction relief to the Oklahoma Court of Criminal Appeals.

06/27/2011    Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final on January 20, 2010, 90 days after the OCCA affirmed his conviction on direct appeal. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). Therefore, his deadline for filing a federal petition for a writ of habeas corpus was January 20, 2011. *See* 28 U.S.C. § 2244(d)(1)(A).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application regarding this conviction on October 25, 2010, and the McIntosh County District Court denied relief on that same day. On November 3, 2010, he filed a notice of post-conviction appeal, but he never actually appealed the district court's denial of his post-conviction application. Therefore, his deadline for filing this habeas action was extended one additional day plus the 30 days during which he could have appealed the post-conviction denial to the OCCA. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000); *see also* Rule 5.2(C)(2), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, ch.18, App. This petition was not filed until June 27, 2011, after the February 20, 2011, deadline had passed.

Petitioner alleges in his response to the motion to dismiss that the court should grant the writ, because he is actually innocent of the crimes. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Apart from his unsupported allegation, there is no evidence in the record to suggest he is actually innocent of the charges of which

he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket No.13] is GRANTED, and this action is, in all respects, DISMISSED. Petitioner's motion to respond [Docket No. 16] is DENIED as moot.

IT IS SO ORDERED this 1st day of February, 2012.

Frank H. Seay
United States District Judge